# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                         |     |                        |
|-------------------------|-----|------------------------|
| **RODNEY B. JONES,**    | *   |                        |
|                         | *   |                        |
| Plaintiff,              | *   |                        |
|                         | *   |                        |
| v.                      | *   | Case No.: RWT 11cv158  |
|                         | *   |                        |
| **ARNE DUNCAN,**        | *   |                        |
|                         | *   |                        |
| Defendant.              | *   |                        |
|                         | *   |                        |

## MEMORANDUM OPINION

On January 19, 2011, Plaintiff, proceeding *pro se*, filed a one-count Complaint that this Court construes as seeking an injunction that would prevent Arne Duncan, the United States Secretary of Education, from collecting certain student loan debt disputed by Plaintiff. Doc. No. 1. On August 8, 2011, Defendant filed a motion to dismiss, or in the alternative, for summary judgment. Doc. No. 14. Plaintiff filed his opposition on August 16, 2011, Doc. No. 16, to which Defendant replied on September 30, 2011. Doc. No. 19. On October 24, 2011, Plaintiff filed a motion for partial summary judgment. Doc. No. 21. Defendant filed his opposition to Plaintiff's motion for partial summary judgment on November 10, 2011. Doc. No. 22.

Plaintiff alleges that between 1988 and 1989 he received three Guaranteed Student Loans[1] to attend Louisiana State University and Grambling State University. Doc. No. 1 at 2. At some point during repayment of the loans, Plaintiff was imprisoned and could not continue his payment plan. *Id.* The Department of Education placed Plaintiff's account in default status

---

[1] Plaintiff appears to confuse the number of loans for which he applied and received from the Department of Education. *See, e.g.*, Doc. No. 1 at 2 ("Between 1988-1989, Plaintiff received three Guaranteed Student Loans to attend Louisiana State University and Grambling State University."); Doc. No. 16-1 ¶ 2 ("I received and accepted only one (1) student loan check while attending Grambling State University."); Doc. No. 22 at 2 ("Between 1988 and 1989, Plaintiff applied for a total of four student loans . . . ; [h]owever, Plaintiff received monies from only two student loans.").

because of his failure to pay.  *Id.*  Plaintiff maintains that after he was released from prison, he "discovered that the Department had fraudulently inflated the total balance due with loans that Plaintiff did not receive and patently erroneous accrued interest."  *Id.*  Plaintiff claims that when he attempted to challenge his total loan balance, the Department threatened to (1) "report Plaintiff's name to national consumer credit bureaus and the Internal Revenue Service," and (2) publish Plaintiff's name in a publication intended for public consumption."  *Id.*  Plaintiff maintains that he is being exploited by the Department of Education and is being forced to pay for student loans that he never received.  *Id.* at 2-3.

Defendant maintains that Plaintiff received a total of $5,794.00 through four student loans. Doc.14 at 1.  Defendant contends that the "plaintiff subsequently defaulted on those loans, and the total balance, as of March 9, 2011, is $11,356.91, including $4,937.55 in principal and $6,419.36 in interest."  *Id.*  Defendant offers attachments as proof of four loans disbursed to Plaintiff.

On September 13, 1988, Plaintiff signed a promissory note for a subsidized loan for $2,600.00 (loan no. ***********1801).  *Id.*, Attach. A.  A total of $1,300.00 was disbursed on this loan on September 14, 1988.  *Id.*, Attach. J at 1.  The loan entered repayment on July 1, 1989, and Plaintiff defaulted on June 30, 1992.  *Id.*  As of March 9, 2011, the balance is $822.75, including $307.32 in principal and $515.43 in interest.  *Id.*, Attach. G at 1.

On September 13, 1988, Plaintiff also signed a promissory note for a supplemental subsidized loan for $2,000.00 (loan no. ***********1902).  *Id.*, Attach. B.  A total of $1,000.00 was disbursed on this loan on November 3, 1988.  *Id.*, Att. J at 1.  The loan entered repayment on July 1, 1989, and Plaintiff defaulted on January 12, 1993.  *Id.*  As of March 9,

2011, the total balance is $2,208.18, including $1,013.89 in principal and $1,194.29 in interest. *Id.*, Attach. G at 2.

On June 16, 1989, Plaintiff signed a promissory note for a subsidized loan for $2,625.00 (loan no. ************3402). *Id.*, Attach. C. Plaintiff received total disbursements of $896.00 on this loan. *Id.*, Att. J at 2. The loan entered repayment on October 1, 1990, and Plaintiff defaulted on July 11, 1991. *Id.* As of March 9, 2011, the balance is $2,239.72, including $837.70 in principal and $1,402.02 in interest. *Id.*, Attach. G at 3.

On June 16, 1989, Plaintiff also signed a promissory note for a supplemental subsidized loan for $4,000.00 (loan no. ************3301). *Id.*, Attach. D. Plaintiff received total disbursements of $2,598.00 on this loan. *Id.*, Attach. J at 2. The loan entered repayment on October 1, 1990, and Plaintiff defaulted on May 30, 1991. *Id.* As of March 9, 2011, the balance is $6,086.26, including $2,778.64 in principal and $3,307.62 in interest. *Id.*, Attach. G at 2.

## I.      Standard of Review

### a.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of whether a court has the authority to hear and decide a case. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). A court may grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Id.* (citations omitted). "In a Rule 12(b)(1) motion, the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (quotation omitted). When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter

jurisdiction is on the plaintiff.  *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.3d 765, 768 (4th Cir. 1991).

**b.   Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—that the pleader is entitled to relief."  *Id.* at 1950; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted).

A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff.  *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).  Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences."  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir.

2002) (internal quotation marks omitted).   "'Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

### c.  Cross-Motions for Summary Judgment

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc*., 452 F.3d 299, 302 (4th Cir. 2006).  A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).  A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party.  *Anderson*, 477 U.S. at 248-49.   However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986).  "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).

The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126,

1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323-24).  When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson*, 477 U.S. at 255 (emphasis added).  However, "if the evidence is merely coloarable or not significantly probative, it may not be adequate to oppose entry of summary judgment."  *Thompson Everett, Inc., v. Nat'l Cable Adv.*, 57 F.3d 1312, 1323 (4th Cir. 1995).

"When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law."  *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003).  "When considering each motion the court must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion."  *Id.*

## II.    Analysis

Plaintiff's Complaint is not a model of clarity.  An initial reading of the Complaint suggests that Plaintiff is alleging that the Department of Education fraudulently inflated his total student loan balance by attributing loans to Plaintiff that he did not receive, and consequently, erroneously increasing the accrued interest.  *See* Doc. No. 1 at 2.  In his opposition to Defendant's motion to dismiss or for summary judgment,  Plaintiff maintains that he is seeking an injunction against the Defendant based on a violation of Plaintiff's Fourth and Fifth Amendment rights provided by the United States Constitution.  This Court addresses both claims.

In his motion to dismiss, or for summary judgment, Defendant construes Plaintiff's Complaint as alleging that the Department of Education committed fraud by attributing loans to him that he did not receive and by inflating his interest payments.   Defendant argues that the

Federal Tort Claim Act ("FTCA") does not waive sovereign immunity for fraud claims or claims for injunctive relief.   Additionally, Defendant maintains that plaintiff did not file an administrative claim within the requisite two years, and thus, failed to exhaust his administrative remedies as required by the FTCA.   Plaintiff, other than for two sentences in his Complaint regarding the alleged fraud, does not address Defendant's arguments.

Instead Plaintiff maintains that he "has filed a Civil Rights Complaint."   Doc. No. 16 at 2. He alleges that Defendant is depriving him "of his rights and privileges guaranteed by the United States Constitution."   *Id.*   Specifically, Plaintiff argues that Defendant has violated his Fourth and Fifth Amendment rights by threatening to collect unpaid student loan debt for loans that Plaintiff maintains he never received.

### a.  Fraud Claim

"Unless expressly waived, sovereign immunity protects the United States, its agencies, and its employees acting in their official capacities from suit."   *Johnson v. Fernandez*, 2011 WL 3236057, at *3 (D. Md. July 26, 2011).   An individual bringing suit against the United States bears the burden of demonstrating an unequivocal waiver of immunity.   *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).   Although the FTCA gives a limited waiver of sovereign immunity for tort claims against the United States, fraud is not one of the types of torts for which sovereign immunity has been waived.   *See* 28 U.S.C. § 2680(h); *Johnson*, 2011 WL 3236057, at *3.

Thus, if Plaintiff's Complaint is construed as a fraud action against Defendant, this Court lacks subject matter jurisdiction over his claim because Congress has not waived sovereign immunity with respect to fraud claims.   Therefore, this Court will grant Defendant's motion to dismiss Plaintiff's fraud claim pursuant to Fed. R. Civ. P. 12(b)(1).

One exception that exists to sovereign immunity barring suit arises in cases where a federal employee "acted beyond his statutory powers or the manner in which he [] exercised them were unconstitutional under *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949)." *Johnson*, 2011 WL 3236057 at *3. "The principle of preclusion of actions against federal officers or agents in their official capacity as violative of sovereign immunity is inapplicable to claims for injunctive relief."[2] *Foreman v. Unnamed Officers of the Fed. Bureau of Prisons*, 2010 WL 478133, *3 (D. Md. Nov. 17, 2010). In the Fourth Circuit, "affirmative equitable relief against unconstitutional conduct will generally be permitted unless the sovereign will be 'stopped in its tracks' and there is 'substantial bothersome interference with the operation of government.'" *Id.* at *4 (quoting *Littell v. Morton*, 445 F.2d 1207, 1214 (4th Cir. 1971)).

Here, Defendant has not demonstrated that an injunction preventing the Department of Education from collecting alleged unpaid student loans would constitute a substantial bothersome interference with the operation of government or that the government would be stopped in its tracks. Thus, this Court has subject matter jurisdiction over Plaintiff's claim for injunctive relief.

### b. Fourth Amendment Claim

Plaintiff's attempt to couch the Department of Education's billing and collection practices for loans that he supposedly did not receive as a Fourth Amendment violation is a novel, but unrecognizable cause of action in any court. Even assuming the facts in the Complaint are true, Plaintiff's Fourth Amendment allegation fails "to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Plaintiff has not plead factual content that allows this Court to draw a reasonable inference that Defendant has committed an unconstitutional search or seizure

---

[2] Furthermore, this Court has found that "[t]he APA also provides a blanket waiver of sovereign immunity for unconstitutional acts where injunctive relief is requested." *Johnson*, 2011 WL 3236057 at *5; *see Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 2006 WL 581260, at *8 (D. Md. Jan. 10, 2006).

through the collection of student loans.  *See id.*  Plaintiff's Fourth Amendment claim fails to state

a cognizable claim, and Defendant's motion to dismiss pursuant to Rule 12(b)(6) will be granted.

### c.  Fifth Amendment Claim

Although Plaintiff's Fifth Amendment claim is difficult to decipher, this Court will do so

liberally because Plaintiff is proceeding *pro se*.  *See United States v. Garcia*, 65 F.3d 17, 19 (4th

Cir. 1995).  This Court interprets Plaintiff as stating a procedural due process claim that seeks to

enjoin the Department of Education from collecting unpaid student loan amounts for loans that

Plaintiff maintains he never received without allowing him to contest the loans.  Nonetheless,

Defendant is entitled to summary judgment on this claim.

"[P]rocedural due process rights are only violated when a protected liberty or property

interest is denied without adequate hearing.  Thus, in order to succeed on this claim, Plaintiff

must show (1) that [he] was deprived of a protected liberty or property interest, and (2) that such

deprivation occurred without the requisite due process of law."  *Miller v. Montgomery Cnty.*,

2010 WL 3894500, *11 (D. Md. Sept. 29, 2010) (quotation and emphasis omitted).

Assuming that Plaintiff is being deprived of a protected liberty or property interest by the

Department of Education because of its demand that he repay four student loans, Plaintiff fails to

demonstrate that the deprivation occurred without the requisite due process of law.

Defendant attaches two pieces of correspondence between the Department of Education and

Plaintiff.  The letters are responses to Plaintiff's loan balance inquiries.  Doc. No. 14, Attachs. L,

N.  One letter informs Plaintiff that if he believed the account balance was incorrect, he "must

provide evidence of the correct amount due.  Evidence may include photocopies of the front and

back of cancelled payment instruments, copies of acceleration letters [he] received, or copies of

any letters [he] received that reference [his] account balance."  *Id.* Attach. N.  The other letter

tells Plaintiff that "[t]he borrower has the burden to show that a disbursement check was not properly endorsed." *Id.* Attach. L.  The letter also informs Plaintiff that "if the proceeds of a loan are applied to charges owed to the school or delivered to the student, the borrower is responsible for repaying the loan obligation whether or not the loan check was properly endorsed." *Id.*

Defendant also attaches to his motion a promissory note for $2,000 for loan no. 1902 signed by Plaintiff and documentation that $1,000 was disbursed to the loan and attributed to Plaintiff's account.  *Id.* Attachs. B, J at 1.  Additionally, Defendant attaches to his motion a promissory note for $2,625 for loan no. 3402 signed by Plaintiff and documentation that $896 was disbursed to the loan and attributed to Plaintiff's account.  *Id.* Attachs. C , J at 2.

Plaintiff argues that he applied for four student loans, (loans ending in nos. 1801, 1902, 3402, and 3301), but that he only received two (loans ending in nos. 1801 and 3301).  Doc. No. 21 at 2-3.  Plaintiff claims that he asked for an "administrative appeal" for the loans ending in 1801 and 3301.  *Id.*  He maintains that "it is wholly undisputed that Plaintiff received only two student loans" yet the Department of Education continues to harass him.  *Id.* at 3.  Plaintiff attaches to his motion for partial summary judgment what appear to be two copies of letters that he sent to the Department of Education challenging his total loan amount.  Plaintiff also includes a declaration from himself stating that he neither received nor authorized anyone to receive the loans ending in 1902 and 3402.

Plaintiff's attached declaration is nothing more than the reargument of his Complaint and a generalized denial.  Such evidence is insufficient to either overcome Defendant's well documented motion for summary judgment or to succeed on Plaintiff's cross motion for summary judgment.  *See Bouchat*, 346 F.3d at 522; *Thompson Everett, Inc.,* 57 F.3d at 1323; Wright, Miller & Kane, Federal Practice and Procedure Civil 3d §2738 (maintaining that

affidavits that include "the mere reargument of a party's case or the denial of an opponent's allegations will be disregarded."). Even when drawing all justifiable inferences in Plaintiff's favor, *see Anderson*, 477 U.S. at 255, summary judgment for Defendant is appropriate.

The Department of Education responded to Plaintiff's inquires about his account and informed him of the proper procedure that he needed to take in order to challenge the loans in his account. Plaintiff fails to offer the evidence requested by Defendant to dispute the loans. Plaintiff's own filings demonstrate that he is unsure about the number of loans for which he applied and received. *See supra*, n.1. Defendant demonstrates that Plaintiff signed four promissory notes for four different loans. Defendant also demonstrates the total loan amount that was dispersed, the dates the four different loans were dispersed, and the dates when Plaintiff defaulted on the four different loans. Plaintiff's instance in both his filings and his declaration are not sufficient to create a material fact in dispute. Defendant informed Plaintiff of the requirements to challenge the disputed loan amount, and he has failed to do so.

## III.    Conclusion

For the forgoing reasons, Defendant's motion to dismiss or for summary judgment will be granted and Plaintiff's motion for partial summary judgment will be denied. A separate order follows.


January 27, 2012                                              /s/
Date                                              Roger W. Titus
                                              United States District Judge